CITY OF FRESNO, et al., Plaintiffs,

v.

Mary Louise FRAMPTON, et al., Defendants.

No. CV F 81–283–EDP.

United States District Court,
E.D. California.

March 28, 1983.

James A. McKelvey, City Atty., City of Fresno by Robert D. Gabriele, Geoffrey L. Hayden, Asst. City Attys., Fresno, Cal., for plaintiff City of Fresno.

William H. Sortor, Carroll, Burdick & McDonough, San Francisco, Cal., for plaintiffs Montevecchi, Bennink, Mitchell, Riba, Murrietta, Tierce and Kiehn.

Donald R. Fischbach, Baker, Manock & Jensen, Fresno, Cal., for defendant Mary Louise Frampton.

Daniel O. Jamison, Stammer, McKnight, Barnum & Bailey, Fresno, Cal., for defendants George Cajiga, Cynthia S. Calvert and Fresno-Merced Counties Legal Services, Inc.

## ORDER APPROVING MAGISTRATE'S RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO FILE SECOND AMENDED COMPLAINT.

PRICE, District Judge.

The Magistrate's recommendation to this Court was filed on August 16, 1982, and served by mail on August 17, 1982. The Magistrate's recommendation to the Court was that the defendants' motion to dismiss be granted with prejudice. The Magistrate likewise recommended that plaintiffs' motion to file a second amended complaint be denied.

The following factual recitation in the Magistrate's recommendation will be of help in understanding the Court's order in this matter:

On March 17, 1980, defendant herein, Mary Louise Frampton, filed suit in the United States District Court in Fresno on behalf of Phillip and Louise Hughes: Case No. CV–F–80–72 MDC. The Complaint alleged violations of 42 U.S.C. §§ 1981, 1983, 1984 and 1986, and violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as a result of their arrest by the City of Fresno and Officers Montevecchi, Bennink, Mitchell, Riba, Murrietta, Tierce and Kiehn, plaintiffs herein. After Case No. 80–72 was filed, Cynthia S. Calvert, George Cajiga and Fresno-Merced Counties Legal Services, defendants herein, took over Case No. 80–72 from Mary Louise Frampton and prosecuted it through trial.

On the eve of trial in Case No. 80–72, a stipulation was entered whereby the suit was dismissed as to the City of Fresno. During the trial, the Court dismissed the suit as to defendants Mitchell, Riba, Murrietta, Tierce and Kiehn after the plaintiffs had rested, on the ground that there was insufficient or no evidence as to any cause of action. At the close of trial, the jury rendered a judgment in favor of the only remaining defendants in the suit, i.e., Montevecchi and Bennink.

On August 21, 1981, the defendants in Case No. 80–72 filed the instant Complaint for malicious prosecution against the attorneys who represented the plaintiffs in Case No. 80–72. In the instant suit, plaintiffs allege that defendants acted maliciously and without probable cause in representing Phillip and Louise Hughes in Case No. 80–72, in that said suit was filed and prosecuted without reasonable investigation or industrious search of legal authority, and without a reasonable and honest belief that either Phillip or Louise Hughes had a tenable claim against any of the defendants therein.

On October 6, 1981, plaintiffs filed a First Amended Complaint, which is almost identical to the original Complaint, and alleges three causes of action. The first cause of action is basically a substantive cause of action involving the state tort of malicious prosecution. The second cause of action seeks recovery for legal costs incurred in defending themselves in Case No. 80–72. The third cause of action seeks recovery for the alleged administrative burden, salary and benefits incurred or paid in connection with the time spent in the defense of such suit.

On November 6, 1981, defendants filed a Motion to Dismiss. On February 3, 1982, plaintiffs filed an Opposition to defendant's Motion to Dismiss. On February 11, 1982, defendants filed a response to plaintiff's Opposition to the Motion to Dismiss.

Defendant's Motion to Dismiss alleges that the Complaint fails to state a jurisdictional basis, that the court lacks subject matter jurisdiction over this action, and that the Complaint fails to state a claim upon which relief can be granted. Defendants correctly indicate that even though plaintiff's First Amended Complaint alleges that jurisdiction is based upon 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and the Fourth, Fifth and Four-

teenth Amendments to the United States Constitution, none of these statutes or amendments actually serve to confer jurisdiction. (All of these federal statutes and amendments will hereinafter be collectively referred to either as "federal statutes" or "§ 1983".) Therefore, defendants conclude that in the absence of an allegation of a statute purporting to confer jurisdiction, the First Amended Complaint should be dismissed. F.R.C.P. 8(a).

This Court recognizes that plaintiffs have not alleged any statute which confers jurisdiction. However, plaintiffs have indicated that they can cure this if the Court would allow them to file a Second Amended Complaint, which Complaint would allege 28 U.S.C. § 1331 as a basis for jurisdiction.

Although plaintiffs have failed to cite the section under which they contend this Court could conceivably have jurisdiction, the briefing of both parties implicitly recognizes that if jurisdiction exists at all, it exists pursuant to 28 U.S.C. § 1331(a):

The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States, except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

Indeed, it is this section that the plaintiff now requests leave of Court to insert somewhere in the body of their Second Amended Complaint.

A review of the many cases that have discussed this particular grant of federal jurisdiction fortunately is not necessary. Instead, the court simply refers to the discussion at 13 *Federal Practice and Procedure,* Wright, Miller and Cooper, page 388, et seq. The various interpretations, "tests," and perambulations of the federal courts are there summarized for all to read.

▮ Rather, we turn to the plaintiffs' Complaint itself. Plaintiffs' Complaint, as the plaintiffs ultimately concede in their responsive and moving papers, is simply a case for malicious prosecution. Malicious prosecution is a tort that is cognizable in the courts of the State of California and has been so for many, many years. *See* Witkin, 4 *Summary of California Law,* 8th Ed., 2531, et seq. There, the prominent authority on California law points out that in order to prevail in a malicious prosecution based on a prior civil proceeding, the plaintiff must prove:

(1) Favorable termination of the prior proceeding;

(2) Lack of probable cause;

(3) Malice.

Clearly, elements one and three are not dependent upon the interpretation of any provision of the federal Constitution, any federal statute or regulation, or any treaty of the United States. Plaintiffs argue vigorously, however, that element two can only be determined by considering the federal statutes upon which the defendant attorneys commenced and proceeded with the original litigation. In support of this position, they refer to *Sweeney v. Abramovitz,* 449 F.Supp. 213 (D.Conn.1978), a case which is factually indistinguishable from the instant case.

In that case, Judge Newman makes the following critical statement to buttress his ultimate decision:

The meaning of § 1983 and its application to the circumstances alleged in Abramovitz' original suit are essential ingredients of Sweeney's claim. Only if Abramovitz did not have probable cause to believe that the facts known to him established a cause of action under § 1983 does Sweeney have a valid claim now. The meaning of § 1983 is thus a "pivotal question of federal law," *T.B. Harms Co. v. Eliscu, supra,* 339 F.2d [823] at 827 [2 Cir.1964], the resolution of which will be essential to determining whether Sweeney will have established a *prima facie* case.

*Sweeney v. Abramovitz, supra,* at 215, 216.

This court, of course, does not pretend to know the intricacies of the law of the State

of Connecticut pertaining to malicious prosecution, but clearly the California element of probable cause is going to be determined by the evidence, both contradicted and uncontradicted, which the defendants had available to them at various stages of the proceedings, particularly at the time the original complaint was filed, as well as at the time the case proceeded to trial. Further, Judge Newman speaks of the plaintiff's ability to establish a *prima facie* case, which we can only assume has some particular meaning in reference to Connecticut tort law. Federal jurisdiction under 28 U.S.C. § 1331(a) is measured not by the end result of the action but by "whether a federal question appears on the face of a well pleaded complaint."

It is also interesting that in support of his decision, Judge Newman cites *T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2nd Cir.1964). Judge Friendly's opening paragraph on that decision eloquently makes the point that the Court is attempting here.

> A layman would doubtless be surprised to learn that an action wherein the purported sole owner of a copyright alleged that persons claiming partial ownership had recorded their claim in the Copyright Office and had warned his licensees against disregarding their interests was not one "arising under any Act of Congress relating to ... copyrights" over which 28 U.S.C. § 1338 gives the federal courts exclusive jurisdiction. Yet precedents going back for more than a century teach that lesson and lead us to affirm Judge Weinfeld's dismissal of the complaint.

Finally, Judge Newman's concluding paragraphs clearly reveal the true basis for his decision:

> If the question of what constitutes probable cause to bring a § 1983 action is determined according to state law, there is a possibility that the standard will be set so high in some state courts as to permit malicious prosecution suits to be brought in response to legitimate § 1983 actions. It is of course possible that § 1983 actions, like any other judicial process, may be abused. But determining the standards for a malicious prosecution action requires the delicate balancing of the legitimate interests of public officials to be free from unfounded § 1983 suits against the necessity of preserving plaintiffs' ability to vindicate their federal rights undeterred by fear of being subjected to unfounded malicious prosecution suits. Such a balancing may itself be a federal question sufficient to invoke § 1331 jurisdiction.
>
> Predicating federal jurisdiction on this type of "arising under" analysis may not be appropriate every time a successful defendant, sued under a federal statute, claims malicious prosecution by his erstwhile plaintiff. But it is entirely appropriate to recognize such jurisdiction here to make sure that a federal forum is available to guard against the possibility that a malicious prosecution action might be used to deter the use of § 1983 and thereby undermine the important rights that statute was enacted to protect.

*Sweeney v. Abramovitz, supra,* at 216.

The public policy concerns and the need for uniform administration of the civil rights acts and cases arising under them is indeed a laudable one. However, the opinion of Judge Newman does not demonstrate the problem which he imagines is real or substantial. Indeed, the California courts have long entertained actions which, in whole or in part, were founded on the civil rights statutes, and plaintiffs do not here point to any lack of confidence in their interpretation of those federal statutes or the decisions of the federal courts which have interpreted them. Finally, should such a situation arise, either in the California state courts or elsewhere, the matter of extending federal jurisdiction to those areas where it does not now exist as a matter of public policy should be left to the legislative branch acting under the broad powers given it in Article III of the Constitution.

■ In addition to the foregoing, there is an additional basis for the dismissal of the complaint filed on behalf of the City of Fresno. The California Supreme Court in

*City of Long Beach v. Bozek,* 31 Cal.3d 527, 183 Cal.Rptr. 86, 645 P.2d 137 (1982) holds that governmental entities may not maintain actions for malicious prosecution against those who have previously sued such entities without success.

Accordingly, the Court orders that the defendants' motion to dismiss against the plaintiffs be granted on the grounds that this Court lacks subject matter jurisdiction in this matter. The Court further orders that the plaintiffs' motion to file a second amended complaint be denied.

Counsel for the defendants are ordered to prepare and submit to the Court for its signature a formal judgment within 20 days from the date of this Order.