FUENTES, Circuit Judge,
dissenting:
I respectfully dissent because, in my view, this case presents no federal element sufficient to confer 28 U.S.C. § 1441(b) “arising under” jurisdiction. Since this case was improperly removed to federal court, the District Court had no underlying jurisdiction to adjudicate the merits of Express Lines’s action, and we are without appellate jurisdiction to address the merits of the appeal. I would agree with the Ninth Circuit, which held, under similar circumstances, that a previously dismissed federal action does not cause a subsequently filed state action for malicious prosecution to “arise under” federal law. See Berg v. Leason, 32 F.3d 422 (9th Cir.1994).
The majority concludes that the conflict between a federal procedural rule and an opinion of the Eleventh Circuit “raises a federal question sufficient to support removal of the malicious abuse of process claim from the state court to the federal forum.” See Maj. Op. at 386. Express Lines’s underlying state court action, however, was filed only after the federal action had been dismissed, and thus only after it was no longer necessary to resolve any conflict between Leonhardt and Rule B. As the majority notes, Leonhardt has not been overturned by the Eleventh Circuit. At best, it remains the jurisprudence of another circuit, and it is undisputed that it is simply not the law of this Circuit. To my knowledge, the only time Leonhardt has been invoked by any court in this Circuit was by the District Court in the underlying attachment action here. The District Court, as previously noted, ultimately rejected Leonhardt, and its own earlier reliance on it, and this decision has not been appealed by either party. Therefore, any purported conflict between Leon-hardt and the Federal Rules does not present a sufficient federal question upon which to predicate jurisdiction.
It is well settled that “[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.” Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)). Additionally, we have held that the removal statute should be strictly construed against removal and that if there is any doubt as to the propriety of a removal, a case should not be removed to federal court. See, e.g., Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. *397 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.1985).
In considering a motion to remand where federal question jurisdiction is at issue, three recognized requirements must be satisfied: (1) the federal question must arise from a well-pleaded complaint, see, e.g., Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); Westmoreland Hospital Ass’n v. Blue Cross of Western Pennsylvania, 605 F.2d 119, 122 (3d Cir.1979); (2) federal law must be an essential element of the plaintiffs cause of action, see, e.g., Rivet, 522 U.S. at 475, 118 S.Ct. 921; and (3) the federal question must be substantial. See, e.g., City of Chicago v. International College of Surgeons, 522 U.S. 156, 164, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). I do not believe that any of these removal requirements were satisfied in this case.
1. The Well-Pleaded Complaint Rule
As the Supreme Court has held on several occasions, “[t]he presence or absence of federal-question jurisdiction is governed by the ‘well-pleaded complaint rule,’ which provides that federal [question] jurisdiction exists only where a federal question is presented on the face of the plaintiffs properly pleaded complaint.” Caterpillar Inc., 482 U.S. at 392, 107 S.Ct. 2425. See also American National Red Cross v. S.G., A.E., 505 U.S. 247, 258, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992); Oklahoma Tax Com’n v. Graham, 489 U.S. 838, 840-41, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989). Thus, the asserted federal question must arise from a well-pleaded complaint, and not from the answer, the petition for removal, or an actual or theorized defense. Under the well-pleaded complaint rule, if a complaint is premised upon state law, federal question jurisdiction may be established only if “some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims,” or that, due to complete preemption, the plaintiffs claim is “really one of federal law.” See Goepel v. National Postal Mail Handlers Union, A Division of LIUNA, 36 F.3d 306, 310 (3d Cir.1994) (internal quotations and citations omitted). Also, a state case may arise under federal law “ ‘where the vindication of a right under state law necessarily turn[s] on some construction of federal law.’ ” See Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (quoting Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). “[T]he vast majority of the cases brought under the general federal question jurisdiction of the federal courts are those in which federal law creates the cause of action.” Id.
Here, however, none of Express Lines’s causes of action were created by federal law, and nothing in the allegations Express Lines presented in its complaint calls for a resolution of any tension between the Eleventh Circuit’s decision in Leonhardt and the Federal Rules. As previously noted, no genuine conflict exists in this Circuit betwéen Leonhardt and the Federal Rules. To prevail in its case, Express Lines needs to show only that based upon what Defendants knew and believed, which are factual queries, they proffered Leonhardt without probable cause and for a purpose other than obtaining the proper adjudication of their claim. See 42 Pa.C.S.A. § 8351 (stating that “[a] person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings, ... [if h]e acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings *398 are based ... ”); Silver v. Mendel, 894 F.2d 598, 603-04 (3d Cir.1990) (finding that, under the Dragonetti Act, the “imposition of liability for the wrongful use of civil proceedings [in Pennsylvania] occurs only when litigation is instituted both without probable cause and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based”). In other words, Express Lines needs to show only that Defendants acted either negligently or without probable cause, and without a proper purpose in proffering Leonhardt.[1]
Since no genuine conflict exists between Leonhardt and the Federal Rules in this Circuit, any legal assertions as to the validity of Leonhardt, if made at all, would only properly be made by Defendants in their Answer or in their defense. Neither invocation, according to the Supreme Court, is adequate to confer federal question jurisdiction.
2. The “Essential” Element Requirement
In accordance with Supreme Court jurisprudence, federal law must be an essential element of a plaintiffs cause of action in order to confer federal subject matter jurisdiction. The meaning of the “essential element” requirement is best stated in Hunter v. United Van Lines, 746 F.2d 635 (9th Cir.1984):
[A court must] determine whether the federal element in the claim was “basic” as opposed to “collateral,” and “necessary” as opposed to “merely possible.” .... Similarly, courts have looked to whether the federal element in the claim was “pivotal,” ... or “substantial,” ... as opposed to merely “incidental ],” ... or whether it was “direct and essential” as opposed to “attenuated,” ... or “paramount” as opposed to “collateral,” .... Thus, the resolution of the federal question must play a significant role in the proceedings.
Id. at 646 (internal citations omitted). Here, far from showing that a federal issue played a “significant role in the proceedings,” the majority determined that it was “unnecessary” to resolve the issue asserted by Defendants as the basis for removal. See Maj. Op. at 396. That this case may be decided without resolving any alleged tension between Leonhardt and Rule B severely undermines the idea that this issue was essential to evaluating plaintiffs claims. The majority correctly states that a federal issue sufficiently essential to invoke federal jurisdiction must be “genuine and present, [and] not merely ... conjectural.” See id. at 389 (citing Merrell Dow, 478 U.S. at 813-14 & n. 11, 106 S.Ct. 3229). Yet, it is difficult to understand how an issue could be any more conjectural or any less essential than one whose disposition is explicitly deemed “unnecessary.”
3. The “Substantial” Federal Question Requirement
As the majority notes, the federal law present in a properly removed case “must be in the forefront of the case 22 and not collateral, peripheral, or remote.” Yet from the outset, Express Lines’s case was clearly comprised solely of state law claims, and the majority’s ability to resolve this case without addressing the purported federal issue only highlights the fact that any federal issue in this case is “collateral, peripheral, or remote.”
Further, in Memll Dow, the Supreme Court held that no substantial federal *399 question existed where the plaintiff alleged a violation of a federal statute as an element of a state cause of action. The Court explained that “[we have] sometimes found that formally federal causes of action were not properly brought under federal-question jurisdiction because of the overwhelming predominance of state-law issues.” Merrell Dow, 478 U.S. at 814 n. 12, 106 S.Ct. 3229. Invoking an earlier ruling, the Court noted that “the violation of the federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action.” Id. (citing Moore v. Chesapeake & Ohio R. Co., 291 U.S. 205, 216-17, 54 S.Ct. 402, 78 L.Ed. 755 (1934)). The Court also noted that “§ 1331 [federal question] decisions can best be understood as an evaluation of the nature of the federal interest at stake.” Id. (emphasis in original).
Here, as in Merrell Dow, the state law nature of Express Lines’s claims is fundamentally unchanged by the asserted tension between Leonhardt and the Federal Rules. There is also little, if any, cognizable federal interest in having a federal court in our Circuit assess the legitimacy of an Eleventh Circuit case whose viability is not an open issue anywhere in this Circuit.
Following the guidance of Merrell Dow, the Ninth Circuit has held in a case very similar to ours that an underlying prior federal action does not render a fundamentally state law action cognizable in federal court. In Berg, the plaintiff brought a malicious prosecution action in state court after successfully defending himself in a federal court proceeding in which he was accused of violating federal securities and racketeering laws. The defendant removed to federal court, and the District Court denied the plaintiffs Motion to Remand. On appeal, the Ninth Circuit held that “the federal element is insufficiently substantial to confer ‘arising under’ jurisdiction because the malicious prosecution court need only decide whether the underlying claim was ‘legally tenable[;]’ the cause of action is created by state law, and state law controls the standard by which the strength of the federal claim in the underlying action is measured.” Berg, 32 F.3d at 423. The Ninth Circuit elaborated that “federal law cannot be controlling when the degree of substance in the federal claim necessary to trigger the state-law cause of action is a question of state law.” Id. at 425. Ultimately, then, “federal law is not dispositive because the degree of strength required to put the underlying claim over the probable cause threshold is determined by state law.” Id. The same conclusion applies here.
In examining the state law elements of the plaintiffs claim, the Ninth Circuit noted that, far from the case requiring a legal resolution of federal questions, “[a] factfin-der must determine what the defendant knew or believed about the facts.” Id. Similarly, here, the subjective beliefs, purpose, and purported bad faith of the Defendants are at issue, and “the court looks at the merits of a claim for malicious prosecution through the prism of state law.” Id.
This case only asks whether Defendants’ underlying claim, that Leonhardt could trump the Federal Rules, was legally viable enough to have been asserted legitimately and not in contravention of the Dragonetti Act. Express Lines’s ease presents no real or substantial question of federal law that compels resolution in a federal court. Rather, their case was, from the outset, a state case that was properly brought in state court originally.
For the aforementioned reasons, I would find that this case was improperly removed to federal court, that the District Court had no underlying jurisdiction to *400 adjudicate the merits of Express Lines’s claim, and that we are thus without appellate jurisdiction to entertain this appeal. I respectfully dissent.

. Since I do not believe we have the requisite jurisdiction to address this case on its merits, I will refrain from commenting on the strength of Express Lines’s claims or evidence.