Filed Sept. 20, 1887.

———————◆———————

No. 12,867.

## JENNER ET AL. *v.* CARSON.

TORT.—*Pleading.—Complaint.—Conspiracy.*—Where two or more are sued in tort for an injury to another, an allegation of conspiracy is not necessary, unless the wrong complained of would not have been actionable at all but for the unlawful combination of several persons.

MALICIOUS PROSECUTION.—*Complaint.—Averment of Conspiracy.—Evidence.* —A complaint in an action against two or more for malicious prosecution, which charges that the defendants wrongfully, maliciously, and without probable cause, did the several things therein charged, to the plaintiff's injury and damage, is sufficient, and authorizes the admission of evidence to show that the defendants were acting in concert in bringing about the alleged injurious result, without an allegation that they confederated and conspired together.

SAME.—*Gist of Action.*—*Damage.*—*Conspiracy.*—In such case the damage is the gist of the action, and not the conspiracy.

From the Marion Circuit Court.

*C. Hamlin,* for appellants.

*C. S. Denny* and *W. F. Elliott,* for appellee.

MITCHELL, J.—The complaint of Bennett Carson charged that Leopold A. Jenner, Luke G. Butterfield and Mary L. Barr wrongfully, maliciously, and without probable cause, instituted a criminal prosecution against the plaintiff before a justice of the peace of Marion county, by wrongfully, maliciously, and without probable cause, charging him in an affidavit which the defendant Jenner signed, at the instigation of his co-defendants, with the larceny of a saw-handle of the value of twenty-five cents, and a certain saw-log, of the value of five dollars, the property of Mary L. Barr.

The complaint charges that the defendants, without probable cause, maliciously caused the plaintiff to be arrested and prosecuted on such charge, and that the latter was duly acquitted thereof and discharged before the filing of the complaint herein.

Upon trial by a jury of the issue made, there was a verdict and judgment for the plaintiff, assessing his damages at nine hundred dollars.

The complaint is assailed for the first time in this court by an assignment of error that it does not state facts sufficient.

The only ground of insufficiency urged against the complaint is, that it does not allege that the defendants confederated and conspired together to do the several injurious things therein charged.

There is no merit in this objection. The complaint charges that the defendants wrongfully, maliciously, and without probable cause, did the several things therein charged, to the plaintiff's injury and damage.

This was a sufficient charge, and authorized the admission of evidence to show that the defendants were acting in con-

cert in bringing about the alleged injurious result, and that it was done maliciously and without probable cause. It is true, that in an indictment for a criminal conspiracy, that being the gist of the charge, it would be necessary to charge, in terms, that the defendants combined, conspired, confederated and agreed with each other, etc.; but when two or more are sued in tort for an injury to another, it is only necessary to allege that they committed the wrong complained of, and that the plaintiff was damaged thereby.

The allegation of a conspiracy in a civil action against several for a tort is of no consequence, so far as respects the cause and ground of action, unless the wrong complained of would not have been actionable at all but for the unlawful combination of several persons. Such is not the case here. The damage is the gist of the action, not the conspiracy. *Hutchins* v. *Hutchins,* 7 Hill, 104; Cooley Torts, 124; 2 Chitty Pl. 498.

"Where the action is brought against two or more as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove a combination or joint act of all. For this purpose, it may be important to establish the allegation of a conspiracy. But if it turn out on the trial that only one was concerned, the plaintiff may still recover, the same as if such one concerned had been sued alone. The conspiracy or combination is nothing so far as sustaining the action goes; the foundation of it being the actual damage done to the party." *Hutchins* v. *Hutchins, supra; Laverty* v. *Vanarsdale,* 65 Pa. St. 507.

At the proper time the court, in its seventh instruction, charged the jury substantially, that if they should find from the evidence that the defendant Mary L. Barr had agreed with Bennett Carson, her tenant, that he might cut and use all down timber, except such as might make rail-cuts, and the latter, acting under such agreement, without any felonious intent, took and used a "chunk" or log, five or six feet long, but not long enough to make a rail-cut, Mrs. Barr

Jenner et al. v. Carson.

would in that event have had no probable cause for prose-cuting him for larceny for taking such property, nor would the other defendants if they knew or ought to have known of such agreement before the institution of the prosecution.

It is said this instruction was erroneous, because there was no evidence to which it was applicable, and because it assumes as a fact a matter in issue about which there was a conflict in the evidence.

The objection that there was no evidence to which the instruction was applicable is not sustained by the record. The evidence tends to show that at the time of the alleged larceny Mr. Carson occupied Mrs. Barr's farm as tenant. Both agreed in their testimony that the tenant was to have the privilege of using such timber as was down, except rail-cuts, for firewood. Acting under this authority, Carson had used what he and some other witnesses called a " chunk," five or six feet long, for firewood. Mrs. Barr and her witnesses claimed that the chunk was a rail-cut. In this state of the evidence, the propriety of the charge is obvious. It is not apparent to us that the charge assumes as true any fact in dispute.

The only other ground upon which a reversal is claimed relates to the sufficiency of the evidence to sustain the finding and judgment.

It would serve no useful purpose to set out the evidence elaborately. That the jury may well have found therefrom that the prosecution against the appellee was without probable cause can not be doubted. It is not so certain, however, but that Mrs. Barr may have been used by others to gratify their personal ends, and that she may be made to suffer for the lack of a judicious friend.

The amount of the verdict seems to us quite out of proportion to any injury which, so far as appears, the appellee could have sustained; but as we can discover nothing which raises a suspicion that the jury acted from prejudice, partiality or other improper motives in making their assessment,

and as their verdict met the approval of the court in which the judgment was pronounced, we do not feel warranted in disturbing their conclusion.

Judgment affirmed, with costs.

ELLIOTT, J., did not participate in the consideration of this case.

