Doar Devorkin & Rieck, New York City by John Jacob Rieck, Jr., for defendant.

Yury **MILOSLAVSKY and Tatyana Miloslavsky, Plaintiffs,**

v.

**AUDIO ENGINEERING SOCIETY, Defendant.**

No. 91 Civ. 4642 (RPP).

United States District Court, S.D. New York.

Aug. 26, 1991.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiffs, residents of New York, bring this action for injunctive relief and damages pro se against defendant, a New York not-for-profit corporation. Plaintiffs allege breach of contract and malicious prosecutions. Defendant moves for dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

Plaintiffs are scientists and former members of defendant Audio Engineering Society (AES). AES is a trade association in the audio and engineering field, with a worldwide membership that numbers in the thousands. For at least the past seven years, there has been ongoing conflict between plaintiffs and AES. Plaintiffs allege that AES, influenced by large "sustaining AES

member" electronics corporations, has continually perpetrated public frauds and engaged in other misconduct.

Plaintiffs allege that they have published approximately 100 papers in which they have exposed these frauds by AES. They assert that, angered by these exposures, defendant AES "physically abused, degraded," and expelled plaintiffs from the society. Complaint at 2. Plaintiffs have been arrested as a result of the disputes between them and AES, and an order of protection was entered against them in New York Criminal Court by Judge Drager on February 20, 1991 ordering them to stay away from all AES officials and employees and any AES gatherings. Rieck Aff., Exh. A.

Plaintiffs allege that the AES board of governors has "never had any legal power for admission/expulsion" of AES members. Plaintiffs essentially seek reinstatement as AES members: they request injunctive relief requiring defendant to return their membership cards and voting ballots and to grant plaintiffs access to AES documents. Additionally, they seek compensatory and punitive damages.

## DISCUSSION

A pro se complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Nonetheless, even according this complaint the most sympathetic reading, it reveals no basis for the exercise of subject matter jurisdiction over plaintiffs' suit.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331, 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when plaintiffs and defendants are of diverse citizenship and the amount in question exceeds $50,000, *see* 28 U.S.C. § 1332.

Plaintiffs do not allege, nor do the facts demonstrate, the existence of diversity of citizenship between the parties: plaintiffs are residents of New York, and defendant is incorporated in New York and has its principal of business in New York. Thus, there is no federal jurisdiction under 28 U.S.C. § 1332.

Nor do plaintiffs' claims present a federal question. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir.1975). The complaint itself alleges only breach of contract and malicious prosecutions, both actionable under state law. Furthermore, the facts alleged in the complaint point to no constitutional violations, nor does it appear from the complaint that AES has a sufficient nexus with the state to fulfill the "state action" element required for bringing any such constitutional claim in federal court under 42 U.S.C. § 1983. *See Myron v. Consolidated Rail Corp.*, 752 F.2d 50, 54 (2d Cir.1985). Therefore, there is no federal jurisdiction under 28 U.S.C. § 1331.

Since this complaint reveals no basis for the exercise of subject matter jurisdiction over plaintiffs' suit, it must be dismissed. Fed.R.Civ.P. 12(h)(3). Whether plaintiff has a claim cognizable in a state court is not addressed by this decision.

This action is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.